UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA ABRAHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>　　　　Defendant. | ) Case No. ED CV 11-1327-PJW<br>)<br>)<br>) MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI"). She claims that the Administrative Law Judge ("ALJ") erred in failing to: 1) properly consider the examining psychiatrist's opinion; 2) correctly determine Plaintiff's residual functional capacity; and 3) pose a complete hypothetical question to the vocational expert. (Joint Stip. at 3-6, 8-12.) For the reasons discussed below, the Court finds that the ALJ erred in addressing the examining psychiatrist's opinion that Plaintiff would have difficulty completing a workweek, which impacted the residual functional capacity determination and the hypothetical

question to the vocational expert.  As such, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

## II. SUMMARY OF PROCEEDINGS

In November 2008, Plaintiff applied for SSI, alleging that she was disabled as of 2006, due to bipolar disorder, depression, anxiety, and obsessive-compulsive disorder.  (Administrative Record ("AR") 120, 124.)  Her application was denied initially and on reconsideration.  (AR 60-66, 70-76.)  She then requested and was granted a hearing before an ALJ.  On June 9, 2010, she appeared with counsel for the hearing.  (AR 26-57.)  On August 6, 2010, the ALJ issued a decision denying benefits.  (AR 10-20.)  Plaintiff appealed to the Appeals Council, which denied review.  (AR 1-6.)  This action followed.

## III. ANALYSIS

All of Plaintiff's claims hinge on her contention that the ALJ failed to properly consider examining psychiatrist Ernest Bagner's opinion that Plaintiff would have difficulty completing a workweek.  For the following reasons, the Court finds that the ALJ erred in this regard and that remand is required to address this issue.

Dr. Bagner saw Plaintiff for a psychiatric evaluation on December 29, 2008, in connection with her application for benefits.  (AR 273-76.)  Among other things, he found that she would have moderate to marked limitations in completing a normal workweek without interruption.[1]  (AR 275.)

---

[1] Dr. Bagner noted a history of mood swings and anxiety and that the psychiatric medications Plaintiff was taking provided minimal improvement.  (AR 275.)  He opined that she would have mild limitations interacting with supervisors, peers, and the public, maintaining concentration and attention, and completing simple tasks.

2

The ALJ seemed to accept Dr. Bagner's opinion and based her residual functional capacity determination on it: "The [residual functional capacity finding] in this decision is generally consistent with the medical source statement provided by Dr. Bagner." (AR 275.) However, she did not include in the residual functional capacity determination any limitation for Plaintiff's inability to complete a workweek and did not include this limitation in the hypothetical question to the vocational expert. (AR 16-17, 55-57.) This was error. *See Bolden v. Astrue*, 2010 WL 3767968, at *4 (E.D. Cal. Sept. 22, 2010) (finding ALJ erred when he failed to take into account doctors' opinions that claimant would have moderate difficulty completing a workweek). By ignoring this limitation, the ALJ tacitly rejected it. For her to do so where, as here, the opinion was contradicted by the non-examining physicians, she was required to provide specific and legitimate reasons that were supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The ALJ's failure to provide any reasons was error.

The Agency disagrees. It contends that the ALJ took into account Dr. Bagner's finding that Plaintiff would have difficulty completing a workweek when she found that Plaintiff would have difficulty maintaining concentration, persistence, and pace. (Joint Stip. at 7.) This argument is rejected. Concentration, persistence, and pace are attributes that relate to what a worker does once she gets to work. They do not relate to the worker's ability to come to work every day,

---

(AR 275.) He also believed that she would have mild to moderate limitations handling normal stresses at work and completing complex tasks. (AR 275.)

which Plaintiff would apparently have difficulty doing.  The ALJ's failure to address this limitation mandates reversal and remand.

On remand, the ALJ should address Dr. Bagner's opinion that Plaintiff would have moderate to marked limitations in completing a workweek.  Assuming that she accepts Dr. Bagner's view, she should explain how this limitation translates into the residual functional capacity finding.  A vocational expert should then be consulted to provide an opinion as to whether someone who has moderate to marked limitations in completing a workweek can hold down a job.

If, on the other hand, the ALJ finds that Dr. Bagner's opinion regarding Plaintiff's inability to complete a workweek should be disregarded, she should explain why.[2]

### IV. CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.[3]

IT IS SO ORDERED.

DATED: <u>July 2, 2012</u>.

*Patrick J. Walsh*
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\ABRAHAM, 1327\Memo_Opinion.wpd

---

[2] Though not raised by the Agency in the brief, the Court notes that the ALJ did include a limitation for being "off-task 20 percent of the time." (AR 56.)  The Court finds, however, that that limitation does not translate into not coming to work every day, either; rather, it relates to not staying on task once getting to work.

[3] The Court has considered Plaintiff's request that the case be remanded for an award of benefits.  That request is denied.  It is not clear from this record that Plaintiff is disabled and further proceedings are necessary to resolve that issue.  Only after the issue of Plaintiff's assumed inability to complete a workweek is addressed will it become clear whether she is entitled to benefits.